UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MYDLARZ,[1]

                Plaintiff,        Civil Action No. 17-10116
                                          Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [14], GRANTING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13], AND
REMANDING THE CASE TO THE ALJ FOR FURTHER PROCEEDINGS**

**I.    Background**

Plaintiff David Mydlarz ("Mydlarz") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions. (Docs. #13, #14). On February 23, 2017, the parties consented to the undersigned's authority to conduct all proceedings and enter a final judgment. (Doc. #8). A hearing was held on December 12, 2017, where counsel for both parties appeared by telephone.

Mydlarz alleges disability as a result of various conditions, and Administrative Law Judge Kari Deming (the "ALJ") found that Mydlarz suffers from the following severe impairments: insulin-dependent diabetes mellitus with neuropathy and retinopathy; scoliosis with lumbago (i.e., with back pain) and a single level (L4-L5 disc bulge); depressive disorder; anxiety

---

[1] The Court's docket incorrectly identifies the plaintiff as "David Mydarlz."

disorder; and insomnia. (Tr. 18). The ALJ ultimately determined that Mydlarz retains the residual functional capacity ("RFC") to perform light work with additional exertional and non-exertional limitations, including being able to change from sitting to standing every 45 minutes; no more than frequently balancing and stooping, and occasionally climbing, kneeling, crawling, and crouching; no exposure to workplace hazards or environmental conditions like extreme heat, cold, humidity, etc.; engage in simple, routine tasks that are goal-oriented, rather than production-paced; and engage in no more than frequent interaction with the public, co-workers, and supervisors. (Tr. 21). The ALJ then found that because a substantial number of jobs exist in the national economy that could be performed by a person with this RFC, Mydlarz is not disabled under the Act. (Tr. 25-26).

Mydlarz's appeal to this Court followed, and he argues that the ALJ erred in failing to adequately discuss the medical record, make a credibility determination, and support the RFC with record evidence.

## II. **Applicable Legal Standards**

Under the Act, DIB are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without

> further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 416.920); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or the court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'").

## III. <u>Analysis</u>

Mydlarz has been diagnosed with Diabetes Mellitus, allegedly as a result of an Anthrax vaccine he was required to have administered when he was with the Marines. As the Court explained on the record, at least with respect to the more recent time period, which may satisfy the 12-month durational disability requirement, the ALJ's analysis did not meaningfully address numerous medical records that belie her conclusions that Mydlarz "regularly denies fatigue," has only "mild to moderate difficulties" in social functioning, and most importantly, could function in a regular 40 hour/week work setting on an ongoing basis. In these respects, the Court highlights the following mental health treatment records:

- Tr. 812 - "Veteran states he becomes hopeless due to diabetes and struggles with eating on a daily basis…He also worries constantly about his blood sugars and states he hates to eat as it makes him nauseous. In the past, he tried, Ambien and Trazadone without any relief."

- Tr. 817 - "Mood: Anxious . . . Veteran [] was referred from BCT for worsen[ing] symptoms of depression. Veteran reports that he has been struggling with depression after returning home from deployment to Iraq and finding out he has Type I diabetes."

- Tr. 822-23 - "[Mydlarz reported] lack of interest, depressed mood, difficulty sleeping, variable appetite, low energy, difficulty concentrating, feeling nervous/anxious, and having worrisome thoughts. In addition, the veteran reported having unmanaged type I diabetes, which is a current stressor. He described his current mood as 'numb.' . . . Given the nature of the veteran's concerns and the severity of his symptoms, a mental health consult was placed."

- Tr. 867 - "[Mydlarz] relates his illness to his diabetes…He also notes he limits his social life staying in one place at home because it is safe. He is anxious when away from home . . . He recognizes that his diabetes causes him to 'neglect to live.'"

- Tr. 870 - "Mydlarz has consistently indicated that he isolates at home and does not enjoy social activity. Much of his issue relates to his medical condition and fear that he would become ill or embarrass himself by [] having a diabetes related seizure. . . . He maintained a flat affect throughout the visit . . ." This note also references the therapist having to "force" Mydlarz to engage socially.

- Tr. 871 - "According to the veteran, 'I hate diabetes. It is exhausting and it limits what [I] [sic] can do…Mydlarz perefers [sic] to isolate at home. He anticipates becoming embarrassed if he shows the IBS or vomiting symptomatic while away from home."

- Tr. 873-874 - "further query found that the veteran's medical condition has a profound influence on his comfort engaging in life away from home. According to him, 'I get fatigued, sick, want to vomit . . . It appears that he is a 'victim' of his diabetes to a point where he has given up. Therapy will continue to encourage social involvement within his limits. . . Little progress is noted as veteran's medical condition is perceived by the veteran as setting him up for failure. In turn he prefers to do nothing believing it is 'safer to stay inside.'"

- Tr. 881 - "[Mydlarz] presents with complaints of poor motivation and lethargy. He states, 'I have no goals right now.' He describes significant sleep impairment ..."
- Tr. 885 - "symptoms of depression started approximately five years ago in the context of developing diabetes. . . His mood and disposition remain depressed and tired…"

- Tr. 890 - "Affect was flat, mood was blunted . . . he gets sick and is frequently tired or fatigued…Mydlarz identified social withdrawal as an issue."

- Tr. 910 – "Fatigue still present. Ability to concentrate is rather affected and he attributes it in part to fluctuation in blood sugar."

Accordingly, the Court cannot find that the ALJ's RFC determination is supported by substantial evidence, and remand is appropriate. On remand the ALJ should thoroughly discuss Mydlarz's mental health[2] treatment records and their relevance to his ultimate RFC. In addition, on remand the ALJ should re-assess Mydlarz's credibility, including by considering all of the facts and circumstances of his travel in the spring of 2016 (*e.g.*, Tr. 867), and their consistency with the other record evidence in this case.

## IV.    Conclusion

For the foregoing reasons, and those set forth on the record, the Court **DENIES** the Commissioner's motion for summary judgment **(Doc. #14)**; **GRANTS IN PART** Mydlarz's

---

[2] The Court notes that Mydlarz also reported fatigue when he saw a foot doctor in December 2015. (Tr. 541).

motion for summary judgment **(Doc. #13)** to the extent it seeks remand and **DENIES IN PART** that motion to the extent it seeks an award of benefits; and, pursuant to sentence four of 42 U.S.C. § 405(g), **REMANDS** this case to the ALJ for further proceedings consistent with this opinion.

    **IT IS SO ORDERED.**

Dated: December 12, 2017                 s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 12, 2017.

                                                     s/Eddrey O. Butts
                                                     EDDREY O. BUTTS
                                                     Case Manager